UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STANLEY LINDSEY (#90359)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 11-59-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 2, 2011.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STANLEY LINDSEY (#90359)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 11-59-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Petition of Stanley Lindsey for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### State Court Procedural History

Petitioner was found guilty of one count armed robbery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on February 1, 2006. Petitioner was sentenced to 25 year term of imprisonment at hard labor without benefit of probation, parole or suspension of sentence.

Petitioner appealed asserting essentially two grounds for relief:

(1) the trial court erred in refusing to appoint new counsel for him; and,

(2) he was denied effective assistance of counsel because his counsel came to see him only once prior to trial.

The First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. Stanley Lindsey*, 2006-1268 (La. App. 1st Cir. 12/28/06), 947 So.2d 850 (Table).

Petitioner sought supervisory review by the Louisiana Supreme Court, which denied review on October 12, 2007. *State of Louisiana v. Stanley Lindsey*, 965 So.2d 397, 2007-0454 (La. 10/12/07). Petitioner sought reconsideration which was denied on January 11, 2008. *State of Louisiana v. Stanley Lindsey*, 972 So.2d 1155, 2007-0454 (La. 1/11/08).

Petitioner was subsequently adjudicated a habitual offender and was re-sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.

Petitioner appealed asserting the following grounds for relief:

(1) there was insufficient evidence to prove the petitioner was a third felony habitual offender;

(2) petitioner's life sentence was statutorily prohibited because the State failed to prove the petitioner was a third felony habitual offender;

(3) the petitioner's sentence was excessive;

(4) the petitioner received a harsher sentence because he exercised his constitutional right to trial; and,

(5) the habitual offender adjudication was invalid because no photograph of the petitioner was used to establish that he was the same person previously convicted and he was required to give fingerprints at the habitual offender hearing.

The First Circuit Court of Appeal affirmed the petitioner's habitual offender adjudication and sentence. *State v. Stanley Lindsey*, 2007-0017 (La. App. 1st Cir. 6/8/07), 958 So.2d 1218 (Table). Petitioner did not seek supervisory review by the

Louisiana Supreme Court.

Petitioner filed an application for post-conviction relief (PCRA) on September 9, 2008. Petitioner asserted the following grounds for relief:

(1) the trial court erred when it refused to appoint the petitioner new counsel;

(2) he was denied effective assistance of counsel when:

(a) counsel failed to file a motion to quash the petitioner' indictment;

(b) counsel failed to investigate and summon witnesses;

(c) counsel failed to conduct an independent check of the vehicle involved in the crime;

(d) counsel failed to have the gun and cash register till independently tested for fingerprints;

(e) counsel failed to argue in closing argument the applicable responsive verdicts to the crime of armed robbery and to emphasize the 99 year penalty which could apply upon conviction;

(f) counsel failed to allow the petitioner to testify at trial; and,

(3) the prosecutor withheld exculpatory evidence.

The trial court denied the PCRA on June 26, 2009.

Petitioner sought review by the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied review. *State of Louisiana v. Stanley Lindsey*, 2009-1424 (La. App. 1st Cir. 11/9/09).

Petitioner sought review by the Louisiana Supreme Court, which was denied on November 19, 2010. *State ex rel. Stanley Lindsey v. State of Louisiana,* 2009-2691 (La. 11/19/10), 49 So.3d 402.

**Federal Habeas Corpus Application**

Petitioner signed his federal habeas corpus application on January 31, 2011, and it was filed on February 2, 2011.

Petitioner raised the following grounds for relief:

(1) the prosecutor withheld exculpatory evidence, i.e., the police transmission tape of the call from the eye witness;[1]

(2) he was denied effective assistance of counsel when:

    (a) counsel failed to file a motion to quash the indictment;[2]

    (b) counsel failed to call witnesses or interview witnesses to establish a plausible defense;[3]

    (c) counsel failed to subpoena requested witnesses;[4]

    (d) counsel met with him only once two days before trial;[5]

---

[1] Record document number 1, Petition, p. 3, Reason For Granting Writ #1.

[2] *Id.* at 4-6, Reason For Granting Writ #2.

[3] *Id.*

[4] *Id.*

[5] *Id.*

4

> (e) counsel failed to seek review of the trial court's denial of his motion to suppress his confession and all other evidence;[6] and,
>
> (f) counsel failed to object to the district attorney's inflammatory remarks during closing argument;[7]

(3) there was insufficient evidence to support the petitioner's armed robbery conviction;[8]

(4) the district attorney made inflammatory remarks in closing argument;[9] and

(5) the habitual offender bill is unconstitutional.[10]

## Applicable Law and Analysis

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[6] *Id.* at 7, Reason For Granting Writ #4.

[7] *Id.* at 7, Reason For Granting Writ #5.

[8] *Id.* at 6, Reason For Granting Writ #3.

[9] *Id.* at 7, Reason For Granting Writ #5.

[10] *Id.* at 2, Reason For Granting Writ #6.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal

determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id*.

No evidentiary hearing is required. Petitioner has exhausted Grounds for relief (1) and (2)(a)-(d). Grounds for relief (2)(e) and (f), (3), (4) and (5) are technically exhausted but procedurally defaulted.

**Technically Exhausted, Procedurally Defaulted Claims**

Although the petitioner did not present his claims of ineffective assistance of counsel (Grounds for relief number(2)(e) and (f)), insufficient evidence to support his armed robbery conviction (Ground for relief number (3)), inflammatory remarks by prosecutor during closing (Ground for relief number (4)), and the unconstitutionality of the habitual offender bill (Ground for relief number (5)) in a procedurally proper manner in accordance with state procedural rules, he has technically exhausted his state court remedies as to these claims. However, the claims are procedurally defaulted and cannot be considered by this court.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C. § 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir.

1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

To demonstrate compliance with the exhaustion requirement, a habeas applicant must show that the federal claim he asserts in federal court has been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). Generally, the habeas applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).

Although claims are considered to be technically exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546).

Petitioner's unexhausted claims are "technically exhausted because, and only because, petitioner allowed his state law

8

remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted).

Petitioner's technically exhausted claims would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8. This provision of Louisiana law fixes a time limit of two years after the judgment of conviction and sentence has become final within which to file an application for post-conviction relief. Although the statute contains four exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting the application of any exception.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Reliance upon Article 930.8 has been held to be a valid procedural bar. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it. Nor has the petitioner made a

9

showing to support a claim of factual innocence. This court is barred from considering the petitioner's technically exhausted claims.

**Ground for Relief 1: Withholding Exculpatory Evidence**

In his first ground for relief, the petitioner argued that the prosecutor withheld exculpatory evidence. Specifically, the petitioner argued that the prosecutor failed to disclose the police transmission tape of the witness who telephoned the police following the robbery to report the description of the suspect vehicle. Petitioner argued that the evidence would have proven that the police illegally stop him based on the description of the vehicle provided by the witness. Petitioner argued that the description of the vehicle provided by the witness did not match the vehicle he was operating at the time he was stopped by the police.

The prosecution's suppression of material evidence favorable to the accused violates due process regardless of whether or not the prosecution acted in good faith or bad faith in failing to make a timely disclosure of the evidence. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196 (1963); *Jones v. Butler*, 864 F.2d 348, 354 (5th Cir. 1988), *cert. den.*, 490 U.S. 1075, 109 S.Ct. 2090 (1989). To be entitled to federal habeas corpus relief, the petitioner must show: (1) the prosecution suppressed evidence, (2) the suppressed evidence was "favorable to the accused," and (3) the

10

evidence was "material" either to guilt or punishment. *Brogdon v. Butler*, 790 F.2d 1164, 1167 (5th Cir. 1986), *cert. den.*, 481 U.S. 1042, 107 S.Ct. 3245 (1987). Evidence that is "favorable to the accused" includes evidence that tends directly to exculpate the accused as well as evidence that impeaches the testimony of a witness where the reliability or credibility of that witness may be determinative of guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763 (1972); *Porretto v. Stalder*, 834 F.2d 461, 464 (5th Cir. 1987). The touchstone of materiality is a "reasonable probability" of a different result. *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 1566 (1995). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id*.

Tarongela Smith testified that on January 9, 2005, she was working as a clerk in a Circle K convenience store when a man entered the store armed with a gun in his right hand.[11] Smith testified that the man told her "don't take long" so she handed him the whole till.[12] Smith testified that the robber wore a black skull cap with a brim and sunglasses and was armed with a black and

---

[11] Trial Transcript, Vol. 2, p. 72.

[12] *Id*. at 72-73.

chrome gun.[13]  Smith testified that the robbery was recorded on the store's video equipment.[14]

Joshua Williams testified that he was in front of the convenience store pumping gas when he observed a man back a pickup truck into a parking lot located behind the convenience store.[15] Williams testified that he observed the man walk into the store with his head down.[16]  Williams testified that the man had a winter skull cap with a small brim and dark sunglasses.[17]  Williams testified that he observed the man walk out of the store with a gun in his right hand and the cash register till in his left hand.[18] Williams testified that he observed the same man in the truck following the robbery.[19]  Williams testified that he told police that the truck was the color of gray primer.[20]  At trial, Williams identified a photograph of the truck as the same vehicle he

---

[13] *Id.* at 74-75.

[14] *Id.*

[15] *Id.* at 81.

[16] *Id.*

[17] *Id.* at 83.

[18] *Id.* at 81-82, 83.

[19] *Id.* at 91.

[20] *Id.* at 85-86.

described to police.[21]

Baton Rouge Police Officer Brandon Smith testified that he was in the area looking for the suspect vehicle following the robbery.[22] Officer Smith testified that the description of the suspect vehicle dispatched was a "primer gray multi-colored vehicle, smaller truck."[23] Officer Smith testified that approximately three minutes after receiving the description from dispatch he observed a vehicle which he thought matched the description.[24] Officer Smith testified that he got behind the vehicle and waited for backup.[25] Officer Smith testified that when backup arrived the officers turned on their lights and sirens and put a spotlight on the window of the suspect vehicle.[26] Officer Smith testified that the petitioner stopped his vehicle in front of his home, backed into the police vehicle, exited his vehicle and a police chase ensued.[27] Officer Smith testified that a police perimeter was set up and the

---

[21] *Id*. at 86.

[22] *Id*. at 97.

[23] *Id*. at 97; 106.

[24] *Id*. at 97; 105.

[25] *Id*. at 98-99.

[26] *Id*. at 99.

[27] *Id*.

13

petitioner was apprehended.[28] Officer Smith testified that he glanced into the truck before the petitioner was apprehended and observed a cash register drawer, a handgun and a black hat.[29] Officer Smith identified the cash register drawer, handgun, black hat and sunglasses inventoried from the truck.[30]

Baton Rouge Police Officer Caleb Eisworth testified that he was the officer who responded to Officer Smith's request for backup.[31] Officer Eisworth testified that he chased the petitioner after the petitioner exited his vehicle.[32] Officer Eisworth testified that after the petitioner was apprehended he was handcuffed and while they walked back the petitioner made a statement to the police.[33] Officer Eisworth testified that the petitioner stated he was "tired of being poor and broke" and he either said he "did it" or he said he "robbed it."[34]

Petitioner has neither established that the tape recording of the witness who telephoned the police following the robbery was favorable to him nor described any material use for the evidence.

---

[28] *Id*. at 99-103.

[29] *Id*. at 109; 111.

[30] *Id*. at 111-113.

[31] *Id*. at 115.

[32] *Id*. at 117.

[33] *Id*. at 126.

[34] *Id*.

His assertion is wholly conclusory and insufficient to warrant habeas relief under *Brady*. *See Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). Moreover, even if the tape recording of the police transmission was improperly suppressed, its nondisclosure was not so serious that there is a reasonable probability that the withheld transmission tape would have produced a different verdict. The evidence against the petitioner was substantial. Petitioner's *Brady* claim is without merit.

**Ground for Relief 2: Ineffective Assistance of Counsel**

In his second ground for relief, the petitioner argued that he was denied effective assistance of counsel. Specifically, the petitioner argued that he was denied effective assistance of counsel when counsel: failed to file a motion to quash the indictment (Ground (2)(a)); failed to call witnesses or interview witnesses to establish a plausible defense (Ground (2)(b)); (3) failed to subpoena requested witnesses (Ground (2)(c)); and (4) met with him only once two days prior to trial (Ground (2)(d)).

No aspect of the petitioner's ineffective assistance of counsel claim has merit.

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance

15

the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

In the first component of his ineffective assistance of counsel claim the petitioner argued that counsel failed to file a motion to quash the indictment. Petitioner conceded that he filed a pro se motion to quash the indictment, which was denied by the trial court. Petitioner failed to prove he was prejudiced by counsel not filing a motion to quash the indictment. The first component of the petitioner's ineffective assistance of counsel claim is without merit.

In the second and third components of his ineffective assistance of counsel claim the petitioner argued that trial counsel failed to call witnesses or interview witnesses to establish a plausible defense.

Ineffective assistance of counsel results from counsel's failure to interview witnesses only where a petitioner demonstrates that counsel would have found witnesses to support the defense

16

theory, and that, if counsel had located and called the witnesses, they would have been willing to testify and their testimony would have been favorable. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Petitioner did not give any indication in his federal habeas corpus petition of who the witnesses might be, or the subject matter of their potential testimony, or what defense they might tend to establish. In his post-conviction relief application the petitioner identified potential witnesses as his employers and individuals who were outside their homes at the time the petitioner left his home and later returned on the night of the robbery. Petitioner argued that his employers would testify that the petitioner was paid for his music ministry at the church. Petitioner argued that the individuals outside his home on the night of the robbery would testify about when the petitioner left his house and that the petitioner did not back into a police vehicle.

At the trial eye witnesses described the hat and sunglasses worn by the robber, the gun used in the robbery, and the vehicle driven by the robber. The trial evidence showed that the petitioner was stopped by police in a vehicle matching the description of the suspect vehicle. The hat, sunglasses and gun described by eye witnesses and a cash register drawer were found in the vehicle. Witnesses testified that the petitioner exited the

vehicle and the police gave chase. When apprehended, the petitioner made a spontaneous inculpatory statement and later provided the police with a formal confession. There is no reasonable probability that the testimony from the uncalled witnesses would have made any difference in the result. Petitioner's second and third components of his ineffective assistance of counsel claim are without merit.

In the fourth component of his ineffective assistance of counsel claim the petitioner argued that trial counsel was ineffective because she met with him only once, two days prior to trial.

The record evidence showed that on April 6, 2005, counsel was appointed to represent the petitioner and conferred with the petitioner prior to entering his not guilty plea.[35] On April 15, 2005, counsel filed a motion for discovery.[36] Counsel appeared in court with the petitioner on June 2, 2005, August 9, 2005, and September 8, 2005.[37]

The record does not support the petitioner's argument that counsel's performance was deficient. Even if counsel's representation was deficient, there is no reasonable probability that the result of the trial would have been different if counsel

---

[35] Trial Transcript, Vol. 2, p. 1.

[36] *Id*. at 21.

[37] *Id*. at 2-3.

had met with him sooner or more often. This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petition of Stanley Lindsey for habeas corpus relief be denied.

Baton Rouge, Louisiana, August 2, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE